JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2022 JUN 15  AM 9: 11

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

MABEL ARREDONDO,

           Plaintiff,

    v.

PROTECT MY CAR LLC, a Delaware Limited
Liability Company

           Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

EP 22 CV 0209

## COMPLAINT:

### Preliminary Statement

1.    As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2.    Plaintiff MABEL ARREDONDO ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that PROTECT MY CAR LLC commissioned a series of automated telephone calls to originate new customers by calling cellular telephone numbers listed on the National Do-Not-Call Registry, like Plaintiff's number, which is prohibited by the TCPA. The calls were made on behalf of PROTECT MY CAR LLC and at the supervision, direction, and control of PROTECT MY CAR LLC.

1

3.     Plaintiff never consented to receive any of these calls, which were placed to her for telemarketing purposes.

## Parties

4.     The Plaintiff MABEL ARREDONDO ("Plaintiff"), is a natural person, resident of the Western District of Texas, and was the individual who received the alleged phone calls in this case on her private mobile telephone, and was present in Texas for all calls, in this case in El Paso County, Texas.

5.     Defendant PROTECT MY CAR LLC ("PMC") is a Limited Liability Company organized and existing under the laws of Delaware with its principal address at 570 Carillon Parkway, Suite 300, St. Petersburg, Florida 33716 and can be served via registered agent Registered Agents Inc. at 5900 Balcones Drive, Suite 100, Austin, Texas 78731. Defendant markets and sells, *inter alia*, Vehicle Service Contracts ("VSC's") to consumers in Texas and engages in telemarketing into this district, as it did with the Plaintiff.

## Jurisdiction & Venue

6.     This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

7.     This Court has personal jurisdiction over the Defendant because they have repeatedly placed calls to Texas residents with Texas telephone area codes, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

8.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in El Paso County, Texas, and Plaintiff was physically present and residing in Texas for all calls,

in this case in El Paso County, Texas. Defendant conducts business in this judicial district by calling Texas consumers.

## Background

## The Telephone Consumer Protection Act

9.      The Telephone Consumer Protection Act 10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

10.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

11.      The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

12.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.      The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

15.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

4

18.    Under the TCPA, a text message is a call. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663

(2016).

### Texas Business and Commerce Code

19.    The Texas Business and Commerce code requires sellers to obtain a registration

certificate from the Secretary of State in order to make telephone solicitations inside the state of

Texas or to residents located in the state of Texas. Tx. Bus. & Com. Code § 302.101.

20.    Plaintiff may seek damages for violations of Texas Business and Commerce Code §

302.101 of up to $5,000 per violation and reasonable costs of prosecuting the action, court costs,

investigation costs, depositions expenses, witness fees, and attorney's fees.  § 302.302(a),

302.302(d).

21.    Texas Business and Commerce Code § 302.101 provides a private right of action.  A

violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E,

Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by

Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code §

302.303.

22.    The use or employment by any person of a false, misleading, or deceptive act or practice"

causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

### Factual Allegations

23.    Plaintiff's personal cellular telephone number (915) 999-8219 has been successfully

registered on the National Do-Not-Call Registry since March 2022.

24.    Plaintiff's personal cellular telephone number is a "residential" telephone number that

she uses for various personal, family, and household purposes, such as sending and receiving

emails, timing food when cooking, sending and receiving text messages, calling friends and

family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

25.    Defendant offers and sells VSC's to consumers.

26.    Defendant uses telemarketing to promote their goods and services.

27.    Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain Defendants registration.

28.    Defendant doesn't not qualify for an exemption under § 302.053.

29.    At all times material hereto, Plaintiff was the subscriber of the telephone number (915) 999-8219 and pays her cell phone bill from her personal bank account.

30.    The Plaintiff has received at least two phone calls in the same day to her personal cell phone number (915) 999-8219, without her prior express written consent and not related to an emergency purpose, soliciting VSC's on behalf of Defendant. See "Exhibit A."

31.    Plaintiff received these calls from spoofed caller ID's that were initiated using an automatic telephone dialing system ("ATDS") the calls generally had a delay of 3-4 seconds of dead air before an audible tone connected Plaintiff to a representative.

32.    Each phone call Plaintiff received from Defendant started with the same pre-recorded voice message that stated,

> "Hello? Usually, people are calling us back because they received a recent phone call from us is that why you're calling us back today? Great, so I'm auto saving center and I think that you recently filled out an online request to receive a call regarding information on how you can save fifty percent on your auto repairs by participating in our auto savings program in addition to this incredible savings our auto program provides free roadside assistance, free towing, tire rotation, and even free oil changes throughout the year so our ambassador program guarantees the fifty percent deductibles off auto repairs like ac, transmission, even electrical issues and best of all nothing changes on where you have your vehicle repaired for your convenience we partnered with amco, jiffy lube, and pep boys so feel free to take it there or any licensed repair facility of your choice let's get you some more information okay?

Great what I can do is transfer you to one of our auto specialists who can give you additional information regarding this special offer is that okay? Great just hang on just a second while I connect you with a specialist."

33.     Defendant does not identify themselves in the pre-recorded voice message.

34.     Defendant is the seller and administrator of the VSC Plaintiff received and has complete control over their agents they hire to solicit their VSC's. Defendant knowing and willfully authorizes them to place illegal robocalls to millions of consumers *en masse* because it benefits Defendant financially when consumers purchase their VSC's.

35.     Defendant offers VSC's saying they are part of an auto warranty relief program that will extend the consumers vehicle factory warranty.

36.     Defendant has been sued on multiple occasions for violating the TCPA *Zumwalt v. Protect My Car*, No. 0:19-cv-02194-PJS-LIB (U.S.D.MN., Aug 9. 2019), *Leeroy Williams v. Advanced Marketing & Processing, Inc. et al*, No. 2:20-cv-01508-JAK-JEM (C.D.CA., Feb 14. 2020), *Emery v. Advanced Marketing & Processing, Inc.*, No. 3:20-cv-03226-SEM-TSH (C.D.IL., Aug. 31 2020), and *Ekwuazi v. Protect My Car Admin Services Inc*, No. 1:21-cv-02916 (N.D.IL., June 1. 2021) and refuse to curtail their behavior because violating the TCPA benefits Defendant financially.

37.     On May 9, 2022, Plaintiff received a phone call to her personal cell phone (915) 999-8219 from Defendant that started with a prerecorded voice message about an "auto savings program." Plaintiff disconnected the call.

38.     One minute later Plaintiff received another phone call to her personal cell phone (915) 999-8219 from Defendant that started with the same prerecorded voice message about an "auto savings program."

7

39.    Plaintiff was annoyed and aggravated for receiving the same phone call two times in a row and followed the prompts for the sole purposes of identifying the company responsible for the illegal robocalls.

40.    Plaintiff was then transferred to a representative from Defendant named Trevor.

41.    Trevor advised Plaintiff they were reaching out to see if they can help Plaintiff save on auto repairs for her vehicle.

42.    Trevor then collected Plaintiff's vehicle information and solicited Plaintiff for a VSC on behalf of Defendant.

43.    Trevor then transferred Plaintiff to another representative from Defendant named Jillian.

44.    Jillian verified Plaintiff's vehicles information and solicited Plaintiff for a VSC on behalf of Defendant for $99 down payment and $112.21 per month.

45.    Plaintiff purchased a VSC from Defendants for the sole purposes of identifying and confirming the company responsible for the illegal robocalls.

46.    Plaintiff received a VSC in the mail, (contract#588009) which has Defendant listed as the seller and the administrator. See "Exhibit B."

47.    Upon information and belief Plaintiff has received additional calls within the past two years from Defendant and will be revealed during discovery.

48.    Plaintiff sent a request for Defendant's internal do not call policy to sales@protectmycar.com which an email listed on their facebook page https://www.facebook.com/protectcars /

49.    Defendant failed and/or refused to send Plaintiff a copy of any internal do not call policy.

50.    Plaintiff believes, and therefore avers, that Defendant did not train their representatives to honor and abide by DNC requests made by consumers.

51.     It is evidently Defendants' business practice to continue placing sales calls to consumers

who have already made DNC requests and who have stated they are not interested in

Defendants' services. Such conduct violates the TCPA and its implementing regulations, 47 CFR

§ 64.1200(d)(3)(requiring telemarketers to honor and record DNC requests when made).

52.     Table A below displays calls made to Plaintiff by Defendants:

| Number: | Date | Time | Caller ID | Notes |
|---------|------|------|-----------|-------|
| 1 | 05/09/2022 | 3:35 PM | 844-742-0562 | Call from PMC started with pre-recorded |
| 2 | 05/09/2022 | 3:36 PM | 844-742-0562 | Call from PMC started with pre-recorded. Purchased VSC |

53.     Defendant did not have the Plaintiff's prior express written consent to make any of these

calls.

54.     Defendant provides instruction and guidance to their agents on who to solicit and the

minimum qualifications of potential customers.

55.     Prior to these unsolicited calls, the Plaintiff has never done any business with Defendant

and Plaintiff never provided Defendant with her cellular telephone number.

56.     Plaintiff pays for each incoming and outgoing call on her telephone under an

unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

57.     Plaintiff received the calls on her private mobile telephone, as defined and set forth

in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered as a cellular telephone

number and is used for personal purposes.

58.     These telephone solicitations constituted "calls" under the TCPA that were not for

emergency purposes.

59.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use

of her phone because the phone line was tied up during the telemarketing calls and his privacy

was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating,

obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused

Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from

otherwise using her telephone for lawful purposes.

### Injury, Harm, Damages, and Actual Damages as a Result of the Calls

60.     Defendants' robocalls harmed Plaintiff by causing the very harm that Congress sought to

prevent—a "nuisance and invasion of privacy."

61.     Defendants' robocalls harmed Plaintiff by trespassing upon and interfering with Plaintiff's

rights and interests in Plaintiff's cellular telephone.

62.     Defendants' robocalls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

63.     Plaintiff has been harmed, injured, and damages by the robocalls including, but not limited

to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy,

and more frequent charging of her cell phone.

### The Plaintiff's cell phone is a residential number

64.     The automated text messages were to Plaintiff's cellular phone (915) 999-8219 which is

Plaintiff's personal cell phone that she uses for personal, family, and household use. Plaintiff

maintains no landline phones at her residence and has not done so for at least 15 years and

primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses

her cell phone for navigation purposes, sending and receiving emails, timing food when

cooking, and sending and receiving text messages. Plaintiff further has her cell phone

registered in her personal name, pays the cell phone from her personal accounts, and the phone

is not primarily used for any business purpose.

## Causes Of Action

### First Cause of Action

**(Negligent Violations of the TCPA, "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)**

65.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

66.     Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

67.     As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for herself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

**(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)**

69.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

70.     Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

71.    Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above.

72.    As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for herself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

## (Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

74.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

75.    Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

76.    Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

77.    As a result of Defendants' and Defendants' agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for herself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

78.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Fourth Cause of Action

**(Knowing and/or Willful Violation of the TCPA**
**"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)**

79.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

80.     Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

81.     Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telephone calls described above, in the amount of $500.00 per call.

82.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for herself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Fifth Cause of Action

### (Violations of The Texas Business and Commerce Code 305.053)

83.     Plaintiff incorporates the foregoing allegations as if set forth herein.

84.     The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without her prior express written consent in violation of 47 U.S.C. § 227 et seq. The Defendants violated 47 U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

85.     Plaintiff seeks for herself an award of at least $500.00 in damages for each such violation. **Texas Business and Commerce Code 305.053(b).**

86.     Plaintiff seeks for herself an award of up to $1,500.00 in damages for each such knowing

or willful violation. **Texas Business and Commerce Code 305.053**(c).

### Sixth Cause of Action

### (Violations of Texas Business and Commerce Code 302.101)
### Failure to obtain a Telephone Solicitation Registration Certificate

87.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

88.     Defendant made at least two (2) solicitation sales calls to Plaintiff without having a valid

telephone solicitation as required under Tex. Bus. Com. Code 302.101.

89.     As a result of Defendants' and Defendants' agents' violations of Tex. Bus. and Com.

Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation.  Tex. Bus. and

Com. Code 302.302(a).

90.     As a result of Defendants' and Defendants' agents' violations of Tex. Bus. and Com.

Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court

costs, deposition costs, and witness fees.

### WHEREFORE, Plaintiff prays for relief against defendant, as follows:

### Prayer for Relief

WHEREFORE, Plaintiff Mabel Arredondo prays for judgment against the Defendant,

jointly and severally, as follows:

A.  Leave to amend this Complaint to name additional DOESs as they are identified and

to conform to the evidence presented at trial.

B.  A declaration that actions complained of herein by Defendant violate the TCPA and

Texas state law.

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein.

D. An award of $3,000.00 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the Defendant for two (2) calls.

E. An award of $1,500.00 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award of $5,000.00 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

G. An award to Ms. Arredondo of damages, as allowed by law under the TCPA;

H. An award to Ms. Arredondo of interest and costs, as allowed by law and equity

I. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 15, 2022

_Mabel Arredondo_

Mabel Arredondo
*Plaintiff, Pro Se*
9328 Lait Drive
El Paso, Texas 79925
Phone: (915) 999-8219